646

(125 So. 923)

**Charlie JONES v. STATE.** (8 Div. 916.)

Court of Appeals of Alabama. Jan. 28, 1930.

RICE, J. Appeal dismissed.

(128 So. 918)

**Evelyn JONES v. STATE.**

7 Div. 657.

Court of Appeals of Alabama.
June 10, 1930.

SAMFORD, J.
Appeal dismissed.

(122 So. 924)

**General JONES and Will Cox v. STATE.**
(4 Div. 504.)

Court of Appeals of Alabama. April 16, 1929.

Rehearing Denied April 30, 1929.

E. C. Orme, of Troy, for appellant.
Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J. Affirmed.

(125 So. 923)

**Henry JONES v. STATE.** (6 Div. 625.)

Court of Appeals of Alabama. Dec. 10, 1929.

SAMFORD, J. Appeal dismissed.

(119 So. 923)

**Melvin JONES v. STATE.** (2 Div. 420.)

Court of Appeals of Alabama. Jan. 15, 1929.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. The appellant was indicted, tried, and convicted of grand larceny.

The offense charged was that he feloniously took and carried away a cow, the personal property of Arthur King. The court sentenced him to an indeterminate term of imprisonment in the penitentiary for not less than five years, nor more than five years and one day. He appealed from the judgment of conviction rendered against him.

Pending the trial, there were innumerable objections interposed and exceptions reserved. While no brief has been filed in behalf of appellant, we have examined each ruling of the court complained of, and discover no error of a reversible nature. The points of decision involve questions of fact only. The jury found adversely to defendant on the facts, and, as no error appears, the judgment appealed from will stand affirmed.

Affirmed.

(122 So. 924)

**Roy H. JONES v. STATE.** (6 Div. 479.)

Court of Appeals of Alabama. April 30, 1929.

SAMFORD, J. Appeal dismissed.

(120 So. 925)

**Thomas C. JONES v. STATE.** (7 Div. 524.)

Court of Appeals of Alabama. Feb. 12, 1929.

Charles J. Scott, of Ft. Payne, for appellant.
Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J. We have read with care the record in this case, and with much interest the very appealing argument of appellant's counsel. We are convinced that this old man, who is affectionately known as "Uncle Tom," was the agent of others in this infraction of the criminal laws of his state, and, if the court had not given to defendant every consideration to which he was entitled, this court would promptly correct the error. But, alack and alas, the defendant has had a fair trial according to the forms of law, and must serve the sentence imposed by the court, despite the many physical disabilities enumerated in the judgment.

We note the reluctance of the defendant to begin this sentence, and the expressed hope that he may die before this court has passed upon his case. This feeling is doubtless due to the love of freedom inbred in the child of the mountains. In his poverty and with all his physical ills, he prefers to live among